**SINGH, SINGH & TRAUBEN, LLP**
**MICHAEL A. TRAUBEN** (SBN: 277557)
  mtrauben@singhtraubenlaw.com
**JUSTIN R. TRAUBEN** (SBN: 278705)
  jtrauben@singhtraubenlaw.com
400 S. Beverly Drive, Suite 240
Beverly Hills, California 90212
Tel: 310-856-9705
Fax: 888-734-3555

*Attorneys for Plaintiff*
ADSUPPLY, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADSUPPLY, INC., a California corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>ADVERTISE.COM, INC., a California corporation,<br><br>          Defendant. | Case No. 2:16-cv-8921<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C §§ 501, *ET SEQ.*)** |

     Plaintiff, AdSupply, Inc. ("AdSupply" or "Plaintiff"), by and through its undersigned counsel, hereby files its Complaint against Defendant Advertise.Com, Inc. ("Advertise" or "Defendant"), and in support thereof alleges as follows:

## NATURE OF ACTION

     1.     Through this Complaint, Plaintiff seeks to recover from Defendant damages, injunctive relief, and other remedies provided for by law, for copyright infringement arising under 17 U.S.C.A. §§ 101, *et seq* (referred to herein as the "Copyright Act") arising from Defendant's willful, recorded, and conspicuous acts

of copyright infringement of Plaintiff's proprietary software code.

## THE PARTIES

2. Plaintiff AdSupply is a California corporation organized and existing under the laws of the State of California, with its principal place of business in Los Angeles County, California.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendant Advertise is a corporation organized and existing under the laws of the State of California, with its principal place of business in Los Angeles County, California.

## JURISDICTION AND VENUE

4. This is a civil action against Defendant for its acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over the copyright infringement under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338 in that the controversy arises under the Copyright Act (17 U.S.C. 101 *et seq*.), which is within the exclusive jurisdiction of federal courts.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. §1400(a) in that the claim arises in this Judicial District, the Defendant transacts business in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial District.

## FACTUAL ALLEGATIONS

6. Plaintiff AdSupply is a reputable digital advertising network and platform which provides premium specialized digital advertising services crafted to significantly enhance targeted traffic and interest in website content.

7. Defendant Advertise is a direct competitor of Plaintiff AdSupply, similarly providing, among other things, digital advertising services crafted to enhance targeted traffic and interest in website content.

8. In or around 2015, Plaintiff independently developed and created a

unique software code which allowed it to enhance its provision of advertising services to its clients (the "Proprietary Code").

9. Specifically, Plaintiff's Proprietary Code allowed Plaintiff, on behalf of its clients, to serve "off page" advertisements on website browsers through the use of Adobe Flash's ActionScript, an object-oriented programming language and JavaScript, an interpreted programming language.

10. Prior to the initiation of this action, Plaintiff registered its Proprietary Code as a copyrighted literary work, which registration is classified with the case number of 1-3427302241.

11. In or around 2016, Plaintiff uncovered that Defendant Advertise was exploiting Plaintiff's software code to display Defendant's advertisements in the exact same "off page" method.

12. Defendant copied Plaintiff's Proprietary Code to facilitate the display of Defendant's client's advertisements, specifically, to serve "off page" advertisements on hundreds of websites across the internet.

13. Defendant's copying of Plaintiff's Proprietary Code, byte for byte, is so pervasive that Defendant even copied and thereafter distributed Plaintiff's copyright notice, specifically, the text "Copyright AdSupply 2016".

14. All conditions precedent to the bringing of this action have occurred, been waived or performed.

## COUNT I
## COPYRIGHT INFRINGEMENT (17 U.S.C §§ 501, et seq.)

15. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14 as if fully set forth herein.

16. Plaintiff has satisfied the federal statutory requirements to maintain suit for copyright infringement under 17 U.S.C. § 411(a), and while Plaintiff's applications for copyright registration is pending, Plaintiff has paid the requisite fees and deposited a copy of the source code to the Copyright Office in proper

Singh, Singh & Trauben, LLP

form. (U.S. Reg. Case 1-3427302241).

17. Plaintiff independently authored the Proprietary Code and is today and has always been the sole owner of the Proprietary Code and the corresponding pending copyright registration.

18. Defendant has infringed the copyrights in Plaintiff's Proprietary Code by copying, publishing, modifying and distributing infringing materials in the United States of America, including Defendant's copied and identical version of Plaintiff's Proprietary Code (the "Infringing Work") and all corresponding derivative works, without approval or authorization from Plaintiff.

19. Plaintiff never granted Defendant a license to reproduce, distribute, or in any way use, alter, or commercially exploit its Proprietary Code.

20. Plaintiff never authorized the subsequent use nor the appropriation and conversion of the Proprietary Code to another program platform.

21. Defendant acted with reckless disregard of Plaintiff's ownership rights.

22. Defendant reproduced, distributed, altered and commercially exploited for significant gain Plaintiff's Proprietary Code and continues to date to engage in such infringing conduct without authorization or consent.

23. Upon information and belief, Defendant gained access to Plaintiff's Proprietary Code, its original embodiment and source code, through the use of website browser developer tool commonly known as "view source".

24. Despite Defendant having willfully and knowingly commandeered Plaintiff's Proprietary Code for its own use and Defendant continuing to reproduce, distribute, and otherwise commercially exploit the Infringing Work and software containing the source code from Plaintiff's Proprietary Code, Plaintiff has received no compensation in the form of royalties and/or copyright ownership interests in and for the exploitation of the Proprietary Code.

25. Upon information and belief, Defendant has collected fees and

royalties from the sale or any other commercial and financially beneficial use of the Proprietary Code, including the Infringing Work and all corresponding derivative works.

26. In addition, Defendant has retained a portion of those fees and royalties without submitting any amount to Plaintiff.

27. As a result of its infringing conduct, Defendant is liable to Plaintiff for copyright infringement and Plaintiff is entitled to recover damages, which include any and all profits Defendant has garnered as a result of its wrongful conduct. 17 U.S.C. § 504.

28. The said wrongful acts of Defendant have caused, and are causing, great injury to Plaintiff, the damage of which cannot be accurately computed, and unless this Court restrains Defendant from further commission of said acts, Plaintiff will suffer irreparable injury, for all of which it is without an adequate remedy at law. Plaintiff seeks a declaration that Defendant is infringing Plaintiff's copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement of Plaintiff's copyrights.

29. Plaintiff is entitled to injunctive relief and to an order impounding any and all of Defendant's infringing materials as Defendant's wrongful conduct is continuing in nature and Defendant's acts have caused and will cause substantial and irreparable injury to Plaintiff unless such acts are restrained by this Court.

30. Defendant's infringing conduct has been, and continues to be, deliberate, willful and in intentional violation of Plaintiff's rights for the purpose of commercial gain, and was done so knowingly and with utter and reckless disregard for Plaintiff's rights.

31. As a result of the acts of Defendant alleged herein, Plaintiff has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

32. Accordingly, Plaintiff is entitled to compensatory and actual damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff AdSupply, Inc. respectfully requests that this Court enter judgment in its favor and as against Defendant Advertise.Com, Inc. as follows:

i. For an order permanently enjoining Defendant, its officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or engaging in any other form of dealing or transaction that infringe, contributorily infringe, vicariously infringe, or induce infringement of Plaintiff's copyrights;

ii. For the entry of a seizure order directing the seizure and impounding of all items possessed, owned or under the control of Defendant, its officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, which infringe upon Plaintiff's copyrights;

iii. For actual damages and disgorgement of all profits derived by Defendant from its acts of copyright infringement and to reimburse Plaintiff for all damages suffered by Plaintiff by reasons of Defendant's acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 17 U.S.C. § 1203(c)(2);

iv. For costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 17 U.S.C. § 505, 17 U.S.C. § 1203(b)(4), and 103;

v. For reasonable attorneys' fees incurred herein;

vi. For all costs of suit incurred herein; *and*

vii. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: December 1, 2016

Respectfully submitted,

**SINGH, SINGH & TRAUBEN, LLP**
**MICHAEL A. TRAUBEN**
**JUSTIN R. TRAUBEN**

By: _____
Michael A. Trauben

*Attorneys for Plaintiff*
ADSUPPLY, INC.