**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADSUPPLY, INC., a California corporation,<br><br>       Plaintiff,<br><br>v.<br><br>ADVERTISE.COM, INC., a California corporation,<br><br>       Defendant. | Case No.:  2:16-cv-08921 PSG(Ex)<br><br>The Honorable Charles F. Eick<br>Courtroom 750, 7th Floor (Roybal)<br><br>**DISCOVERY MATTER**<br><br>~~[PROPOSED]~~ **ORDER APPROVING STIPULATION FOR PROTECTIVE ORDER**<br><br>COMPLAINT FILED: DECEMBER 1, 2016<br>TRIAL DATE:     MARCH 20, 2018 |

Plaintiff   AdSupply,   Inc.   ("Plaintiff")   and   Defendant   Advertise.com ("Defendant"), by their undersigned counsel, hereby stipulate to entry of the following protective order ("Protective Order") pursuant to Fed. R. Civ. P. 26(c):

## 1.   PURPOSES AND LIMITATIONS

The parties to this litigation are in the online advertising industry and one or both of the parties possess confidential information concerning computer code and/or programming   language   or   other   matters   that   have   substantial   competitive   value.

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.   **DEFINITIONS**

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

2.2   "CONFIDENTIAL": The designation "CONFIDENTIAL" may be applied by a party to this ACTION or third party to any type of information which that a party or third party believes in good faith to contain trade secrets, private or confidential personal information, or information received in confidence from a third party.

2.2.1 "<u>ATTORNEYS' EYES ONLY</u>": The designation "ATTORNEYS' EYES ONLY" may be applied by a party to this ACTION or third party only to highly confidential and competitively sensitive technical, marketing, financial, or sales information or other proprietary or confidential business information, or extremely sensitive confidential computer code or scripts and associated comments, communications, and revision histories, formulas, engineering specifications, or

schematics ("Source Code Material") that were created on or before December 31, 2016, and that define or otherwise describe in detail the algorithms or structure of software or hardware designs that party or third party believes in good faith could be used by others to obtain unfair competitive advantage against the Producing Party. The Parties agree that Source Code Material created after December 31, 2016 need not be provided in discovery at this time.

The Parties stipulate that in the event either Party later requests computer code or scripts and associated comments, communications, and revision histories, formulas, engineering specifications, or schematics created after December 31, 2016, the Parties will meet and confer in good faith to attempt, if necessary, to agree upon a supplemental proposed stipulated protective order to govern the exchange of such documents and information.

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.6    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.7    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have

[PROPOSED] ORDER APPROVING STIPULATED PROTECTIVE ORDER

appeared in this action as counsel of record on behalf of that party, including support staff of Outside Counsel of Record.

2.8   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.9   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.10   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.11   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".

2.12   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any confidential information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise; (b) any information that was lawfully possessed by the Receiving

Party prior to the disclosure, or (c) any information obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party. ***Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.***

## 4.   DURATION

Even after "Final Disposition" of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Producing Party agrees otherwise in writing or a Court order otherwise directs. "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of, or, if applicable, expiration of the right to pursue, all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Producing Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.,* to unnecessarily encumber or retard the case development process or to

impose unnecessary expenses and burdens on other parties) are not permitted. If this occurs, the parties will meet & confer regarding a retraction of such improper designations. If it comes to a Producing Party's attention that information or items that it designated for protection do not qualify for protection at all, that Producing Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Stipulated Protective Order requires:

(a)    for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY")

to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings,</u> that the Producing Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Producing Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) the designation of the entire transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material by the Producing Party.

(c) <u>for information produced in some form other than documentary and for any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY". If only a portion or

1 | portions of the information or item warrant protection, the Producing Party, to the
2 | extent practicable, shall identify the protected portion(s).

3 |      5.3    Inadvertent Failures to Designate. If corrected by written notice to all
4 | Receiving Parties provided promptly after the Producing Party learns of the
5 | Disclosure or Discovery Material that should have been designated, an inadvertent
6 | failure to designate qualified information or items does not waive the Producing
7 | Party's right to secure protection under this Stipulated Protective Order for such
8 | material (and for any other information concerning the same or related subject matter).
9 | Upon timely correction of a designation, the Receiving Parties must make reasonable
10 | efforts to assure that the material is treated in accordance with the provisions of this
11 | Stipulated Protective Order.

12 | **6.**    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

13 |      6.1    Timing of Challenges. Any Party or Non-Party may challenge a
14 | designation of confidentiality at any time that is consistent with the Court's
15 | Scheduling Order. Unless a prompt challenge to a Producing Party's confidentiality
16 | designation is necessary to avoid foreseeable, substantial unfairness, unnecessary
17 | economic burdens, or a significant disruption or delay of the litigation, a Party does
18 | not waive its right to challenge a confidentiality designation by electing not to mount a
19 | challenge promptly after the original designation is disclosed.

20 |      6.2    Meet and Confer. The Challenging Party shall initiate the dispute
21 | resolution process by providing written notice of each designation it is challenging
22 | and describing the basis for each challenge. To avoid ambiguity as to whether a
23 | challenge has been made, the written notice must recite that the challenge to
24 | confidentiality is being made in accordance with this Stipulated Protective Order. The
25 | parties shall attempt to resolve each challenge in good faith and must begin the
26 | process by conferring directly (in voice to voice dialogue; other forms of
27 | communication are not sufficient) within 7 days of the date of service of notice. In
28 |

conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Producing Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without Court intervention, the Producing Party shall file and serve a motion in the form of a joint stipulation under Local Rule 37-2 to retain confidentiality (and in compliance with Civil Local Rule 79-5) within 14 days of the initial notice of challenge or within 7 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph. Failure by the Producing Party to make such a motion including the required declaration within the applicable time period shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion (in the form of a joint stipulation under Local Rule 37-2) challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a statement in the motion affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Producing Party. Unless the Producing Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all

parties shall continue to afford the material in question the protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Producing Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), <u>unless otherwise agreed by the Producing Party or ordered by the Court</u>. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.2.1 <u>Disclosure of "ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Producing Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(1) the Party seeking to disclose such information shall also provide the Producing Party with written notice that includes: (i) the present employer and title of the Expert; (ii) an identification of all of the Expert's past and current employment and consulting relationships within the last five (5) years; (iii) an up-to-date

curriculum vitae of the Expert; and (iv) a list of the cases in which the Expert has testified at deposition or trial within the last five (5) years.

Within five (5) days of receipt of the disclosure of the Expert, the Producing Party or Parties may object in writing to the Expert for good cause. For purposes of this section, "good cause" shall include an objectively reasonable concern that the Expert will, advertently or inadvertently, use or disclose the Protected Material in a way or ways that are inconsistent with the provisions contained in this Order. In the absence of an objection at the end of the five (5) day period, the Expert shall be deemed approved under this Protective Order.

The Producing Party may object to and notify the Receiving Party in writing that it objects to disclosure of Protected Material to the Expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. No disclosure shall occur until all such objections are resolved by agreement or Court order. An initial failure to object to an Expert under this paragraph shall not preclude the non-objecting Party from later objecting to continued access by that Expert for good cause. If an objection is made, the Parties shall meet and confer via telephone or in person within five (5) days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Party objecting to the disclosure will have five (5) days from the date of the meet and confer to seek relief from the Court. The designated Expert may continue to have access to information that was provided to such Expert prior to the date of the objection. If a later objection is made, no further Protected Material shall be disclosed to the Expert until the Court resolves the matter or the Producing Party withdraws its objection. Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within five

(5) business days after the meet and confer, further Protected Material may thereafter be provided to the Expert;

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Producing Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Producing Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Protected Material may be affected.

If the Producing Party timely seeks a protective order in any such other litigation, the Party served with the subpoena or court order in such other litigation shall not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Producing Party's permission. The Producing Party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in this Stipulated Protective Order should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(i) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii) promptly provide the Non-Party with a copy of this Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

14

(iii) make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

**12.   MISCELLANEOUS**

12.1   <u>Right to Further Relief</u>. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3 <u>Filing Protected Material.</u> Without written permission from the Producing Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the Court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the Court.

**13.   FINAL DISPOSITION**

16

Within 60 days after the "Final Disposition" of this action, as such term is defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Producing Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: July 11, 2017                    **SINGH, SINGH & TRAUBEN, LLP**


By: /s/ Michael A. Trauben
     Michael A. Trauben

*Attorneys for Plaintiff*
ADSUPPLY, INC.

DATED: July 11, 2017                    **NIXON PEABODY LLP**


By: /s/ Shawn G. Hansen
    Shawn G. Hansen

*Attorneys for Defendant*
ADVERTISE.COM, INC.

**<u>FOR GOOD CAUSE SHOWN, IT IS SO ORDERED</u>**

_____                    _____
DATED                                HONORABLE CHARLES F. EICK
                                     UNITED STATES MAGISTRATE JUDGE

[PROPOSED] ORDER APPROVING STIPULATED PROTECTIVE ORDER

1

2

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], have read

in its entirety and consulted with counsel about the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California in

the case of *ADSUPPLY, INC. v. ADVERTISE.COM, INC.*, Case No. 2:16-cv-08921-

PSG (Ex). I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me or my company to sanctions and punishment in the nature of contempt

and/or monetary or other sanctions. I further agree to submit to the jurisdiction of the

United States District Court for the Central District of California for the purpose of

enforcing the terms of this Stipulated Protective Order, even if such enforcement

proceedings occur after termination of this action.

Date: _____

Printed name: _____
             [printed name]

Signature: _____
          [signature]

[PROPOSED] ORDER APPROVING STIPULATED PROTECTIVE ORDER